IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
OXFORD DIVISION

JOHN PAUL BURNETT                                                                         PLAINTIFF

v.                                                                                         No. 3:19CV175-JMV

DESOTO COUNTY JAIL
LT. CHAD WICKER
SHERIFF BILL ROSCOE
DESOTO COUNTY
STATE OF MISSISSIPPI                                                                      DEFENDANTS

**ORDER DISMISSING DEFENDANTS DESOTO COUNTY JAIL
AND STATE OF MISSISSIPPI**

This matter comes before the court on the *pro se* prisoner complaint of John Paul Burnett, who challenges the conditions of his confinement under 42 U.S.C. § 1983. For the purposes of the Prison Litigation Reform Act, the court notes that the plaintiff was incarcerated when he filed this suit. The plaintiff has brought the instant case under 42 U.S.C. § 1983, which provides a federal cause of action against "[e]very person" who under color of state authority causes the "deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. The plaintiff alleges that the defendants failed to provide him with his psychological medication during his stay at the DeSoto County Jail. For the reasons set forth below, defendants DeSoto County Jail and the State of Mississippi will be dismissed with prejudice from this suit.

**Detention Facility Not Amenable to Suit**

The DeSoto County Jail is not an entity subject to suit under Mississippi law. An entity's capacity to be sued must be determined by reference to the law of the state in which the district court sits. Fed.R.Civ.P. 17(b). In Mississippi, "sheriff's departments are not political subdivisions within the meaning of the MTCA. Thus, the Sheriff's Department does not enjoy a

separate legal existence, apart from [the county in which it is located]." *Brown v. Thompson,* 927 So.2d 733 (Miss. 2006). Similarly, Mississippi jails and prisons are not amenable to civil suit. *Campbell v. Thompson*, 2015 WL 5772535 (S.D. Miss.), *Simmons v. Harrison County Sheriffs Dept.*, 2015 WL 4742381 (S.D. Miss.) For these reasons, the DeSoto County Jail will be dismissed with prejudice from this suit.

## No State of Mississippi Policy at Issue

The only way the State of Mississippi may be liable for the failure to provide the plaintiff with his medication is if the plaintiff alleges that a state policy caused that failure. For a plaintiff to state a valid claim under § 1983, he must "identify defendants … whose acts are causally connected to the constitutional violation alleged." *Woods v. Edwards*, 51 F.3d 577, 583 (5th Cir. 1995) (citing *Lozano v. Smith*, 718 F.2d 756, 768 (5th Cir. 1983)). Mr. Burnett has not named a statute, policy, or practice by the State which caused the alleged denial of his medication. As such, the State of Mississippi will also be dismissed with prejudice from this suit.

## Conclusion

For the reasons set forth above, defendants DeSoto County Jail and the State of Mississippi are **DISMISSED** with prejudice from this suit.

**SO ORDERED**, this, the 6th day of January, 2020.

/s/ Jane M. Virden  
UNITED STATES MAGISTRATE JUDGE